## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Chicora Life Center, LC,<br><br>                        Debtor. | C/A No. 16-02447-jw<br><br>Adv. Pro. No. 16-80083-jw<br><br>Chapter 11 |
| Chicora Life Center, LC,<br><br>                 Plaintiff,<br><br>v.<br><br>UCF 1 Trust 1,<br><br>                Defendant. | |

## AMENDED TEMPORARY RESTRAINING ORDER
## AND
## ORDER SETTING HEARING ON
## MOTION FOR PRELIMINARY INJUNCTION

THIS MATTER is before the Court on the Emergency Motion ("Motion") of Chicora Life Center, LC ("Debtor"), for entry of a Temporary Restraining Order to prevent UCF 1 Trust 1 ("UCF") from bringing a collection action on the guaranty of Douglas M. Durbano of the indebtedness of the Debtor. The Debtor seeks an immediate *ex parte* order, pending further order of this Court, and requests that a hearing be scheduled within fourteen (14) days on the Motion for Preliminary Injunction to maintain *status quo* through the Debtor's initial attempt to obtain confirmation of the Plan of Reorganization.

### FINDINGS OF FACT

1.  Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of South Carolina (the "Bankruptcy Court"), Case No. 16-02447-jw on May 16, 2016.

2.   The Debtor is managing its assets and operating its business as debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

3.   The Debtor seeks a Temporary Restraining Order enjoining UCF from filing a legal action against the alleged springing personal guaranty of Douglas M. Durbano for the obligations of the Debtor for loan number 30085 (the "UCF Loan"), closed on August 28, 2014.

4.   There is sufficient evidence from the record, the pleadings, and affidavits submitted by the Debtor that:

    a.   UCF has made demand upon Mr. Durbano for payment in the amount of $15,621,550.29 ("Demand Amount") on or before June 1, 2016.

    b.   The UCF Loan is characterized as a "non-recourse" loan, such that the intent of the parties appears to state that the loan be secured by collateral and not by a personal guaranty.

    c.   The Debtor's contemplated Plan of Reorganization will call for not less than $1,000,000.00 personal contribution from Mr. Durbano to facilitate necessary pre-occupancy tenant improvements for the Debtor's real property at 3600 Rivers Avenue, North Charleston, South Carolina (the "Center").

    d.   Payment of the Demand Amount would prevent Guarantor from making a necessary $1,000,000.00 cash infusion into the Debtor's contemplated Plan of Reorganization.

    e.   Mr. Durbano asserts that there is a line of credit at Zions First National Bank which will renew in approximately four months, on which he serves as

guarantor.  A majority of the $1,000,000 cash contribution to the Debtor's Plan of Reorganization will come from this line of credit.

f.  Mr. Durbano asserts that if UCF is files a collection action against him on the UCF Loan, he will no longer retain the financial ability to provide the necessary funding required for the Debtor's contemplated Plan of Reoganization.

g.  Mr. Durbano and the Debtor assert that a reasonable market value for the Center is $29,000,000 - $42,000,000.

h.  Mr. Durbano and the Debtor assert that based upon the equity in the Center there is a lack of harm to UCF if they do not pursue any personal guarantyaction at this time for the UCF Loan.

i.  The Debtor and Mr. Durbano assert it is in the public interest to grant the TRO which will maximize the assets that belong to the Debtor's Estate and will advance the goals of the Bankruptcy Code.

IT IS HEREBY ORDERED that the Temporary Restraining Order is granted as follows:

1.  The UCF is prohibited from bringing a collection action against Douglas M. Durbano for the collection of debts related to his guaranty of Loan No. 30085 between UCF and the Debtor.

2.  A hearing on the Motion for Preliminary Injunction shall be held on **June 10, 2016, at 9:30  A.M., at 1100 Laurel St., Columbia, South Carolina**;

3.  Absent further order, the Temporary Restraining Order shall expire at 6:00 P.M. on June 10, 2016; and

4.  The Debtor shall serve this Temporary Restraining Order on UCF, counsel for UCF,

and the United States Trustee via hand delivery, telefax, electronic mail (receipt

confirmed) or overnight delivery within 24 hours after such order is entered.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**06/02/2016**



US Bankruptcy Judge
District of South Carolina

Entered: 06/02/2016