# U.S. BANKRUPTCY COURT
## District of South Carolina

Case Number: **16-02447-jw**
Adversary Proceeding Number: **16-80083-jw**

### ORDER DENYING MOTION TO VACATE TEMPORARY RESTRAINING ORDER AND DISMISS ADVERSARY

The relief set forth on the following pages, for a total of 7 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**06/17/2016**



*John E. Waites*
US Bankruptcy Judge
District of South Carolina

Entered: 06/17/2016

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Chicora Life Center, LC,<br><br>Debtor(s). | C/A No. 16-02447-JW<br><br>Adv. Pro. No. 16-80083-JW<br><br>Chapter 11 |
| Chicora Life Center, LC,<br><br>Plaintiff(s),<br><br>v.<br><br>UCF 1 Trust 1, a Delaware statutory trust,<br><br>Defendant(s). | **ORDER DENYING MOTION TO VACATE TEMPORARY RESTRAINING ORDER AND DISMISS ADVERSARY** |

This matter is before the Court on the Motion to Vacate Temporary Restraining Order and Dismiss Adversary ("Motion") filed by UCF 1 Trust 1 ("UCF"). An objection to the Motion was filed by Chicora Life Center, LC ("Debtor"); and a hearing was held on the Motion. After consideration of the pleadings, evidence presented at hearing and the arguments of counsel, the Court makes the following findings of fact and conclusions of law.[1]

## **FINDINGS OF FACT**

1. On May 1, 2016, Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code and continues to operate as a debtor-in-possession under 11 U.S.C. §§ 1107(a) and 1108.[2]

---

[1] To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such, and vice versa.

[2] Further citations of the United States Bankruptcy Code (11 U.S.C. § 101, et seq.) shall be by section number only.

2. Debtor owns and operates certain real estate in North Charleston, South Carolina that is better known as the Chicora Life Center ("Center").

3. UCF is a secured creditor of Debtor with a mortgage lien on the Center. In addition to the mortgage lien, UCF asserts that it holds a personal guaranty from Douglas M. Durbano ("Durbano") guarantying the loan agreement between UCF and Debtor.

4. On June 1, 2016 at 3:04:53 P.M., Debtor filed the above-captioned adversary proceeding ("Adversary Proceeding"). In its initial filing in the Adversary Proceeding, Debtor included a completed Form B1040 Adversary Proceeding Cover Sheet, an Emergency Motion for Temporary Restraining Order and Motion for Preliminary Injunction and an Affidavit of Durbano ("Initial Pleadings"). On the Adversary Proceeding Cover Sheet, Debtor lists the nature of suit as "Injunctive relief – imposition of stay." In addition, Debtor paid to the Clerk of Court the $350.00 filing fee to commence an adversary proceeding and listed the Initial Pleadings as a "Complaint" on the CM/ECF docket filing. The basis of the Adversary Proceeding is to seek an injunction prohibiting UCF from commencing a collection action against Durbano on his guaranty.

5. Shortly after the filing of the Initial Pleadings, the Court held a brief telephonic conference call with counsel for Debtor and counsel for UCF to encourage the parties' entry of an interim standstill agreement until a hearing could be reasonably scheduled. During this telephonic conference call, counsel for UCF indicated that UCF was immediately proceeding with the filing of a collection action against Durbano and that a lawsuit could be filed at any moment.

6. After concluding that the parties would not reach an interim standstill agreement, the Court indicated that it would enter a temporary restraining order. The

Temporary Restraining Order and Order Setting Hearing on Motion for Preliminary Injunction ("TRO Order") was entered at 4:14 P.M on June 1, 2016, which prohibited UCF from bringing a collection action against Durbano regarding his guaranty. The TRO Order was to expire on June 10, 2016 at 6:00 P.M.

7. It appears that at 4:25 P.M. on June 1, 2016, UCF filed a collection action against Durbano regarding his guaranty in the United States District Court for the District of South Carolina ("Collection Action").

8. On June 2, 2016, the Court entered an Amended Temporary Restraining Order and Order Setting Hearing on Motion for Preliminary Injunction ("Amended TRO Order").

9. On June 3, 2016, UCF filed the Motion seeking to vacate the TRO Order and Amended TRO Order (collectively referred to as "TRO Orders") *nunc pro tunc* and to dismiss the Adversary Proceeding. In the Motion, UCF alleges that Debtor did not file a complaint in the Adversary Proceeding, and therefore, the filing of the Adversary Proceeding and the TRO Orders was procedurally improper.

10. On June 6, 2016, Debtor filed an objection to the Motion and an amended complaint.

11. On June 9, 2016, UCF filed a Notice of Dismissal without Prejudice of the Collection Action.

12. On June 10, 2016, the Court held a hearing on the Motion and Debtor's Motion for Preliminary Injunction. Due to the unexpected length of the hearing and as a courtesy to the Court, the parties stipulated at the hearing that the TRO Orders shall be extended in force and effect until 11:59 P.M. on June 15, 2016.[3]

---

[3] The Court notes that UCF's agreement to extend the TRO Orders was done in part as a courtesy to the Court due to the limited time available after the June 10, 2016 hearing for the Court to enter a complete order on

3

13. On June 15, 2016, an Order Granting the Motion for Preliminary Injunction ("Preliminary Injunction Order") on an interim basis was entered prohibiting UCF from commencing a collection action against Durbano regarding his guaranty.

## CONCLUSIONS OF LAW

### UCF's Motion Is Denied as Moot

Based on the events that occurred subsequent to its filing, UCF's Motion is now moot. "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." United States v. Hardy, 545 F.3d 280, 283 (4th Cir. 2008) (internal quotation marks and citations omitted). "'A case can become moot either due to a change in factual circumstances, or due to a change in law.'" Simmons v. United Mortg. And Loan Inv., LLC, 634 F.3d 754, 763 (4th Cir. 2011) (quoting BankWest Inc. v. Baker, 446 F.3d 1358, 1364 (11th Cir. 2006)).

Since the filing of the Motion, UCF has voluntarily dismissed the Collection Action against Durbano, and the Court has entered an interim preliminary injunction under § 105 of the Bankruptcy Code prohibiting UCF from filing a further action against Durbano to collect on his guaranty.[4] In addition, Debtor has filed an amended complaint in the Adversary Proceeding, which appears to fully comply with the Federal Rules.

Due to these changes, any determination as to whether the TRO Orders should be vacated would not change the parties' current legal positions. UCF's prior efforts in the Collection Action were disposed of upon that case's dismissal order, and any subsequent action by UCF against Durbano is stayed by this Court's entry of a preliminary injunction.

---

the request for a preliminary injunction prior to the expiration of the TRO Orders. The Court encourages this conduct by counsel, and this agreement was not a waiver of UCF's right to contest the entry of the TRO Orders.

[4] The Court notes that its entry of the interim preliminary injunction was based in part on the Court's authority to grant such relief *sua sponte*.

4

The Court's determination of the Motion would have no legal effect on UCF's ability to collect against Durbano due to these superseding orders. Further, Debtor's filing of an amended complaint in the Adversary Proceeding resolved the alleged issues and deficiencies UCF raised regarding Debtor's Initial Pleadings. Therefore, for these reasons, the Court denies UCF's Motion as moot.

### TRO Order and Amended TRO Order were properly requested

While the Court denies UCF's Motion as moot, the Court nevertheless finds that the Motion should also be denied as Debtor's request for injunctive relief, while not optimal, was sufficient under the Federal Rules of Bankruptcy Procedure.

The Adversary Proceeding satisfies Fed. R. Bank. P. 7001(7), which establishes that "a proceeding to obtain an injunction or other equitable relief" is an adversary proceeding. Not only is the injunctive relief being sought by Debtor indicated in the Adversary Proceeding Cover Sheet, which states that Debtor's Cause of Action is a "Temporary Restraining Order/Preliminary Injunction", but it is also evident throughout Debtor's Initial Pleadings.

Further, Debtor complied with Fed. R. Bankr. P. 7003. In this case, the relief sought by Debtor, while styled as a motion, was filed as a complaint to initiate the Adversary Proceeding. Debtor paid the filing fee to commence an adversary proceeding, and the Clerk of Court's Office treated the matter as an adversary proceeding under Fed. R. Bankr. P. 7001 *et seq.*, separate and distinct from Debtor's main bankruptcy case. The Initial Pleadings are listed as a complaint on CM/ECF and satisfy the requirements and objectives of a complaint under Fed R. Civ. P. 3.

In addition, Debtor's request for a temporary restraining order without notice to UCF complied with Fed. R. Civ. P. 65 as made applicable under Fed. R. Bankr. P. 7065. By

5

including in its Initial Pleadings the affidavit of Durbano, which stated specific facts showing immediate and irreparable harm that would result to Debtor before UCF could be heard in opposition of the restraining order, as well as a certification by Debtor's counsel of the efforts to give notice to UCF of its request for injunctive relief, Debtor satisfied Fed. R. Civ. P. 65(b)(1). Further, as a result of the Court's telephonic conference call with the parties' counsel to facilitate an interim standstill agreement, UCF's counsel had notice of both Debtor's request for a temporary restraining order and the Court's determination that the request will be granted.

For these reasons as well as the Court's consideration of the circumstances surrounding the Initial Pleadings and Debtor's amendments thereto, Debtor's request for a temporary restraining satisfied the requirements of the Federal Rule of Bankruptcy Procedure, and UCF's Motion is denied.[5]

**AND IT IS SO ORDERED.**

Columbia, South Carolina
June 17, 2016

---

[5] While the Debtor's request for injunctive relief was properly presented to the Court as an adversary proceeding under Fed. Bankr. R. P. 7001(7), judicial economy also allows the Court to look beyond Rule 7001 and review the merits of the dispute if no prejudice will result. See In re Briar Creek Corp. Ctr. Assocs. Ltd. P'ship, C/A No. 12-01855-SWH, 2013 WL 144082, slip. op at *2 (Bankr. E.D.N.C. Jan. 14, 2013) (finding "that the interest of judicial economy and the lack of prejudice to [the adverse party]" permitted the court to address the merits of a request for a § 105 injunction when that request was brought through a motion); In re Service Merchandise Co. Inc., 256 B.R. 755 (Bankr. M.D.Tenn. 2000) (considering a motion for injunctive relief and noting that a bankruptcy court may consider such a request without the filing of an adversary proceeding if judicial economy permits and no prejudice will result); In re Orfa Corp. of Philadelphia, 170 B.R. 257, 275–76 (Bankr. E.D.Pa. 1994) (granting Chapter 11 Trustee's motion for recovery under § 506(c) and rejecting creditor's argument that the request should have been made through an adversary proceeding because creditor's claims of prejudice were frivolous).

In the present matter, there appears to be no prejudice to UCF as a result of how Debtor styled its Initial Pleadings. Further, the parties presented substantial argument and evidence on the Debtor's request for injunctive relief at the June 10, 2016 hearing. The Court favors determinations based on substance over form. While the Debtor's request was sufficient under the rules, the Court's entry of the TRO Orders would additionally be proper based on the interest of judicial economy and the lack of prejudice to UCF.